BENTLEY D. ARNOLD et al. *v.* THOMAS C. MILLER, Ex'r, et al.

A court of chancery may make a decree between codefendants, or in favor of one defendant against another, founded upon the facts stated in the complainant's bill, which are admitted by the defendant who is sought to be charged by his codefendant, in a case where the bill is maintained and the relief sought is granted against one or both defendants, between whom there may be adverse equities growing out of the complainant's suit, and not inconsistent with it.

These equities are proper to be adjudicated between all the parties to a suit whose interests are involved in the subject-matter of it, upon the principle of preventing a multiplicity of suits.

But this rule does not hold good where the claim of one codefendant against another does not result from the recovery of the demand of the complainant against one or both of them.

IN error from the northern district chancery court at Columbus; Hon. Henry Dickinson, vice-chancellor.

The facts are sufficiently set forth in the opinion of the court.

*James T. Harrison* for appellants.

Jamison was not a party to the suit; yet judgment was rendered against him, and execution awarded thereon.

The writ or summons was issued only against Miller and Brown. Jamison was not included in any of the subsequent proceedings. His name does not appear in the interlocutory decree, although in the final decree he is introduced and decreed to pay the sum of $7,279.26.

If Jamison was a party, he had no notice, and was not served with process. He was not in court in any way. The decree

against him is void.    5 How. 688; 1 S. & M. 351; Ib. 521; 7 Ib. 85; 2 Ib. 286; 2 Cushm. 188; Ib. 648.

If Jamison was a party, there was no answer in, and there was no *pro confesso* taken.

The decree is in favor of one defendant against a codefendant (if Jamison is a party) and the complainant jointly, without a cross-bill or case made, or prayer for relief or process.

Jamison had no notice as to the time and place of taking any of the depositions.

The decree is a new mode for a foreign executor to procure a judgment for money in this State without taking out letters here.

The decree is erroneous on its face, and is not warranted by the case made in the pleadings.    It also gives judgment and execution, and orders, besides, the sale of the trust property peremptorily.    The decree travels out of and beyond the record.

*C. R. Crusoe* for appellees.

1st.  A decree between codefendants may be made upon proof between complainants and defendants.   *Elliot* v. *Pell*, 1 Paige, C. R. 263; *Holton* v. *Loyd*, 1 Moll. 30; 10 Paige, 348.

The court may also make a decree between codefendants, or a decree in favor of one defendant against another, founded upon facts stated in complainants' bill, and which are admitted by defendant, who is sought to be charged by his codefendant, either by admission or *pro confesso. Jones* v. *Grant*, 10 Paige, 348; 5 Munf. 187; *Yerby* v. *Grigsby*, 9 Leigh, 387; *Crawford* v. *McDaniel*, 1 Rob. Va. R. 448; *Tyson* v. *Tyson*, 2 Ired. Ch. 137; 2 McCord, Ch. 466; 1 Hill, Ch. R. 146; 2 Rand. 6; 2 Bland, 264.  And this without cross-bill.  See case 2 Bland, Ch. R. 370.

2d.  Where a cause is set for hearing, it will be presumed to have been done regularly.   *Quarrier* v. *Curtis*, 4 H. & M. 242; 1 Equity Dig. 276, § 16.

3d.  Jamison was made defendant because he refused to be complainant.   His name does appear in the decree final; and from that decree it appears that judgment *pro confesso*

was taken against him, he had notice, his attorneys appeared for him, filed cross-interrogatories, &c.

4th. Jamison had notice of time and place of taking depositions.

5th. Brown's affidavit was not introduced as evidence upon hearing. The commissioner to state an account, examined him, as he had a right to do, as to his deposition; no exceptions were filed or taken as to his evidence, as required by rule of court, but cross-interrogatories filed, which would amount to a waiver, if there was error in it. The same is applicable to deposition of Evans.

6th. There is no error in decree upon case made by the evidence. 1 Johns. Ch. R. 14; 5 Paige, Ch. R. 98; 1 Wend. 221; 1 Bald. 538; 2 Mass. 568; 1 Wend. 521; 4 Rand. 406; 4 Ham. 373; 1 H. & M. 4; 8 Wend. 533; Chitty on Cont. 706; 6 Munf. 433; 2 Cow. 770; 3 U. S. Dig. 613.

Mr. Justice HANDY delivered the opinion of the court.

This was a bill filed by the appellant Arnold in the vice-chancery court at Columbus, for relief upon a contract alleged to be usurious. It appears that Arnold and one Jones, in the year 1837, purchased a number of slaves from one John Owen, who is since deceased, and the appellee Miller is his executor, for a large sum of money, on credit, giving their notes and a deed in trust to secure the payment of the purchase-money, and the appellant Robert Jamison, being their surety on the notes. Afterwards, Jones being in failing circumstances, Jamison, with the assent of Owen, purchased from Jones his portion of the slaves, and became bound to Owen for Jones's part of the purchase-money, Jones being released. Several of the notes were paid before the fact was discovered, as is alleged, that the transaction was usurious; and this bill is filed against the executor of Owen and the trustee in the trust deed, to have the residue of the notes and the trust deed cancelled for usury. Jamison is also made a defendant, and an account is prayed to be taken of the moneys paid by him and Arnold on the notes.

The answers of the executor and trustee deny the usury, and

make defence in the usual form.  Jamison does not appear to have been served with process, and made no appearance in the suit, though in the interlocutory decree it is recited, that a *pro confesso* had been taken against him.

On the hearing, the vice-chancellor decreed that there was no usury in the contract, and that Arnold and Jamison should pay to Owen's executor, the balance ascertained, upon an account taken, to be due on the notes ; that the trustee should sell the property mentioned in the trust deed, according to its terms, to pay the amount; and if said property should not be delivered to the trustee within ninety days, to be sold, or if it should not sell for enough to pay the balance due, then that the money should be made out of any property of Arnold or Jamison.

From this decree, this appeal is taken.

Several grounds of error are presented in the record, the most material of which only will be considered.

1. The first objection taken is, that the decree is against Jamison, who was not a party to the record.  It does not appear that any subpœna was issued for or executed upon him; that he ever appeared to the suit, or that a *pro confesso* ever was regularly entered against him.  It was, therefore, a most palpable error to render any decree against him.

2. If he was properly a party, the decree against him in favor of his codefendant is alleged to be erroneous, and we think the objection well taken.

It is contended, on behalf of the appellee, that a court of chancery may make a decree between codefendants, or in favor of one defendant against another, founded upon the facts stated in the complainant's bill, which are admitted by the defendant, who is sought to be charged by his codefendant.  This is true under certain circumstances.  It may be done where the bill is maintained, and the relief sought is granted against one or both defendants, between whom there may be adverse equities growing out of the complainant's suit, and not inconsistent with it.  Those equities, arising from the relief decreed, in the first instance, to the complainant, are proper to be adjusted between all the parties to the suit whose interests are involved in the subject-matter of it, upon the principle of preventing

multiplicity of suits. 1 Paige, C. R. 268; 2 McCord, Ch. R. 470. The reason of this is manifest. But where the claim of one codefendant against another does not result from the recovery of the demand of the complainant against one or both of them, we cannot see upon what principle the right of one codefendant to a decree against his codefendant in that suit can be justified. Here the complainants' bill was in effect dismissed, and the answer did not assume the character of a cross-bill. It was simply a denial of the complainants' equity. Under cover of a bill filed by Arnold, for the sole purpose of cancelling the notes as usurious, the court denies the relief sought, but proceeds to decree, that the complainant and one of the defendants, who was surety on the notes, should pay them. The claim of the complainant certainly gave rise to no, equities between Jamison and Owen's executor; and when the relief there sought was denied, the suit could not be used to enforce any other right on the part of Owen's executor against Jamison.

3. The decree was also erroneous against Arnold, the complainant. The answer of Owen's executor had no feature of a cross-bill. It was purely one of defence against the charge of usury set up in the bill, and nothing more. Yet the decree directs that Arnold and Jamison pay to Owen's executor, the balance found due upon the notes, $7,279.26; that the trustee sell the property under the trust deed, and if that was not forthcoming, or, when sold, should be insufficient to pay the debt, that the amount should be made out of any other property of Arnold and Jamison. The pleadings show no necessity for the interposition of the chancery court to enforce the trust deed; the trustee was living, and empowered to act under the deed. Nor is there any justification shown for the money decree against the general property of the parties. No such money decree could have been rendered even under a cross-bill, for whatever power the court might have exercised to aid the execution of the trust deed under such a bill, it certainly had no power beyond that, to decree the payment of the mere money due on the notes. It seems here, that the complainant's bill was rejected as to any relief to him, and was not only converted

into a cross-bill against him, without appropriate pleading, but was used to enforce a mere legal demand for money. Under the pleadings in this case, it is clear, that if the relief prayed for in the bill could not have been granted under the proofs, it was not proper to do more than to dismiss the bill, leaving the executor of Owen's to his right to proceed to have a sale under the deed in trust, and to his action at law for any residue, if any should be due on the notes; which remedies, for all that appears in the record, were ample.

The decree of the chancellor is reversed.