HENRIETTA HARRISON *v.* MARGARET HARRISON ET AL.

1. TENANT IN COMMON. *Purchase of common property at tax-sale. Effect.*
   Where one of several tenants in common of an estate in remainder purchases the common property at a tax-sale, he cannot set up his title thus acquired against the common title, but his tax-title enures to the common benefit of himself and his co-tenants; though, in such a case, the common property is subject to the charge of the purchaser at the tax-sale for the money expended in such purchase, and this is so, notwithstanding the sale may have occurred in the lifetime of the tenant of the particular estate.

2. SAME. *Paying taxes on common property. Charge on the estate therefor.*
   Although it is the duty of the tenant of a particular estate to pay the taxes on the land during his term, yet where, not having the means, he fails to do it, and

one of the remainder-men pays the taxes to prevent the sale of the property, the latter has the right to contribution from his co-tenants to reimburse him for the money thus paid out, and the common property is charged with the payment thereof. And the fact that such remainder-man resided with the tenant of the particular estate, if by the permission of, and in the right of, the latter, would not impose any obligation upon the former to pay the taxes, nor deprive him of the right of contribution from his co-tenants.

3. SAME. *Contribution for payment of taxes. Defence to bill for partition. Practice.*

M. H. and others filed a bill for the partition of an estate in common. H. H., one of the tenants in common, answered, setting up a paramount title in herself, acquired at a tax-sale, and claiming, also, that even if the tax-title was not valid, still she should be reimbursed by contribution from her co-tenants for the amount paid out by her for taxes on the land, and that the same should be a charge upon the common property. It was objected by the complainants that these matters could not be presented by H. H. in an answer, but must be set up in a cross-bill. *Held,* that the objection is not good.

4. SAME. *Protecting the common property. Charging the estate.*

Tenants in common sustain to each other a relation of trust, because of their common interest, and while one cannot act, for his individual interest, in hostility to the common interest, yet, if he does what is necessary to the protection of the common interest, he is entitled to charge the common property with the cost of the benefit; but one of the tenants in common of an estate in expectancy is not permitted, by this principle, to discharge a burden on the common property in the possession of the tenant of the particular estate, except where it is necessary to prevent the destruction of the expectancy.

APPEAL from the Chancery Court of Adams County.

Hon. T. Y. BERRY, Chancellor.

Levi G. Harrison, being the owner of a certain tract of land, conveyed the title thereof to his mother, Letitia Harrison, for the term of her life, with remainder over to his brothers and sisters, and the children of a deceased sister representing her interest, except a share reserved to himself after the death of the tenant for life. The tenant for life, Letitia Harrison, was in possession of the property at the time of the conveyance, and continued in possession up to the event of her death, in October, 1874. In 1858, Levi G. Harrison died, leaving a will by which he devised his interest in the land to his wife, Margaret Harrison. Epheus G. Harrison, one of the remainder-men, died in 1862, having devised his interest in the land to his wife, Henrietta Harrison.

In 1875, Margaret Harrison and others filed a bill in chancery seeking the partition of the land. Henrietta Harrison and others were made defendants to the bill. None of the defendants made any defence except Henrietta Harrison. Her answer stated that the land was sold for taxes in 1873, when she became the purchaser thereof; and she claimed that her title was paramount to that of the complainants. She stated, also, in her answer, that she made her home with Letitia Harrison from 1862 to the time of the latter's death, but was not in possession of any of the land during that time. The answer further stated, that the rents of the property not being sufficient for the support of Letitia Harrison, Henrietta Harrison had paid the greater part of the taxes on the land from 1863 to to 1874, and that for the amount so paid out the defendant claimed a lien on the land. The defendant insisted, in her answer, that if her tax-title should be vacated, still she was entitled to an equitable contribution from her co-tenants, out of the proceeds of the property, for the money paid out by her for taxes. The Chancery Court decreed a sale of the land, for division amongst the co-tenants, but rejected the claim of title set up by Henrietta Harrison, and gave no direction for reimbursing her for the money paid out by her for the taxes on the property. Thereupon the defendant below appealed.

*Frank Johnston,* for the appellant.

1. The appellant, not being bound to pay the taxes on the common property, had the right to buy the same, and to hold the title free from the claim of her co-tenants. Freem. on Co-ten., sect. 159; *Lewis* v. *Robinson,* 10 Watts, 354; *Kirkpatrick* v. *Mallicot,* 4 Watts & S. 251; *Reinbeth* v. *Improvement Co.,* 29 Pa. St. 143.

2. The appellant is entitled to contribution from her cotenants for the money paid by her for taxes and for the taxtitle. The objection that the payment of the taxes by the appellant during the lifetime of the particular tenant was voluntary, and created no liability on her co-tenants to repay her, is an admission that it was not in any degree her duty to pay

the taxes.   If this admission be made, then it is clear that the appellant violated no trust in buying the tax-title, and it must be held valid.

3. It was not necessary for the appellant to have preferred her rights in a cross-bill.   The court might have properly rendered a decree upon the pleadings as they were, for the reimbursement of the appellant on account of taxes paid on the common property, by an equitable contribution from her co-tenants. Freem. on Co-ten., sect. 505 ; 1 Washb. on Real Prop. 588 ; *Van Horne* v. *Fonda*, 5 Johns. Ch. 408 ; *Venable* v. *Beauchamp*, 3 Dana, 322 ; *Lee & Graham* v. *Fox*, 6 Dana, 177 ; *Ewings* v. *McCain*, 1 A. K. Marsh. 230.

*T. L. Mellen* and *Martin & Lanneau*, for the appellees.

1. The appellant cannot use or hold her tax-title against the common title of her co-tenants.   *Tisdale* v. *Tisdale*, 2 Sneed, 596 ; 10 U. S. An. Dig. 397, sects. 14, 20 ; *Williams* v. *Gray*, 3 Greenl. 207 ; 4 Kent's Comm., 389, note 6 ; *Van Horne* v. *Fonda*, 8 Johns. Ch. 407 ; *Lee & Graham* v. *Fox*, 6 Dana, 176 ; *Sneed* v. *Atherton*, 6 Dana, 278 ; *Venable* v. *Beauchamp*, 3 Mass. 325 ; *Flagg* v. *Mann*, 2 Sumn. 520.

2. The appellant has no remedy against her co-tenants in remainder for taxes paid on the common property during the lifetime of the tenant of the particular estate, and while she and such tenant were in joint possession and enjoyment of the property.   Her payment of the taxes in such circumstances was voluntary, and she did not acquire any lien on the property thereby.   *Rollins* v. *Rollins*, 13 Smed. & M. 522 ; *Davidson* v. *Wallace*, 53 Miss. 475.

3. But if the appellant had a valid and equitable claim for contribution against her co-tenants, on account of the taxes paid by her, she would not be entitled to any relief upon the pleadings in this cause.   No relief could be granted against the complainants in the bill, except upon a cross-bill filed by the defendant.   *Arnold* v. *Miller*, 4 Cushm. 152 ; *Millsaps* v. *Pheiffer*, 44 Miss. 805.

*Nugent & McWillie*, on the same side.

CAMPBELL, J., delivered the opinion of the court.

Appellant did not acquire a title, by her purchase at the sale for taxes, which she can assert against her co-tenants, but her purchase enured to the benefit of the co-tenants, subject to her claim to be reimbursed for her outlay to save the title for all. That the sale for taxes occurred in the lifetime of the tenant for life does not alter the case. A valid sale for taxes would have defeated the expectancy of the remainder-men by transferring the fee; and if appellant prevented this by acquiring title at the sale for taxes, for the common benefit, the cost to her of doing this should be made a charge on the common property thus saved. This is true, also, as to taxes on the property in which the remainder-men had an expectancy, paid by appellant in the lifetime of the tenant for life. Taxes were a lien on the property, and, if not paid, it was liable to be sold, whereby the rights of the remainder-men would have been defeated; and if the tenant for life did not pay the taxes, and appellant did, and thereby saved the estate for the remainder-men, the cost to her of doing this is a charge on the common property. It is true that the taxes should have been paid, as they became due, by the tenant for life, who was in the possession and enjoyment of the estate; but they were not, and appellant had a right to anticipate and prevent a sale for taxes by paying them. The fact that appellant lived with the tenant for life did not impose on her any obligation to pay the taxes, nor deprive her of a claim to contribution by her co-tenants in remainder to reimburse her for paying them. Appellant resided with the tenant for life by her permission, and in her right, and not by virtue of any interest in herself. Her interest was in expectancy, and not in possession. The life-tenant had the possession, and the right to permit any one to share it with her, and such sharing of possession did not alter the relation of appellant to the estate. In so far as appellant received of the proceeds of the common property with which to pay taxes, she is to be considered as reimbursed; and as against her claim for payment of taxes, she is chargeable with all that she has real-

ized from the income of the property, and for the reasonable rental of such of it as she herself exclusively occupied after the death of the tenant for life, and she is entitled to allowance for any expenditure during this time to put or keep the property in ordinary repair.

The objection that these equities between the co-tenants cannot be adjusted because appellant did not exhibit a cross-bill against appellees and the co-defendants of appellant, setting up her claim, is not sound.

Appellant answered the bill for a sale of the land for division of the proceeds, and presented in her answer, as an objection to the relief prayed, that she had acquired title to the land by her purchases at tax-sales; and, besides this, that she had for years, before and since her said purchases, paid the taxes upon this land, and is entitled to reimbursement for that, if she is not entitled to hold the land as owner by virtue of her purchases at the sales for taxes. If it were true that appellant acquired title by her purchases at sales for taxes, that would bar the relief sought by the bill; but as it is held that her purchases at the sales for taxes enured to the benefit of the owners of the common property, but with a right to charge the property in her favor with the cost of all her outlay, to save it to the owners, it is proper to decree a sale of the property and a division of the net proceeds, after deducting all proper charges upon it; and it cannot be ascertained to what charges the property is subject, except by taking an account of the dealings of the parties with reference to the property, with a view to a full adjustment of all the equities between them growing out of their several relations to the common property. *Arnold et al.* v. *Miller et al.*, 26 Miss. 152, and cases cited; *Chamley* v. *Dunsany*, 2 Sch. & Lef. 690; *Swan* v. *Swan*, 8 Price, 578; *Green* v. *Putnam*, 1 Barb. 500; 1 Story's Eq. Jur., sect. 655.

Appellant is not entitled to charge the common property with any claim she had against the tenant for life. It is only where she advanced money for the preservation of the title

of the property — which, but for such advances, would have been liable to be lost to the co-tenants — that she is entitled to have the property charged with a lien for her reimbursement. She is entitled to reimbursement for the taxes paid by her during the tenancy for life, only because it appears that the tenant for life did not pay them, and could not do so.

The principle is, that co-tenants, such as these, sustain to each other a relation of trust, because of their common interest; and while one cannot act for his own selfish interests in hostility to the common interest, one of the co-tenants who does what is needful for the protection of the common interest is entitled to charge the common property with the cost of the benefit. But the denial of the right of one tenant in common to pursue his own interest, in disregard of that of his co-tenants, as to the property held in common, would prohibit one of the tenants in common of an estate in expectancy from discharging a burden on the estate in the hands of the tenant in possession, except where it is necessary to prevent a destruction of the expectancy.

Decree reversed, and cause remanded to be proceeded with in accordance with this opinion; but the decree shall stand and be affirmed in so far as it directs a sale of the property and bringing into court the proceeds, to be dealt with by the court; and the proceeds will be divided according to the rights of the parties in interest, after adjusting the equities between them, as indicated by this opinion.