W. M. BENNETT *et al. v.* C. A. ROWLAND *et al.*

**Validity of Deed of Trust on Homestead not Signed by Wife of the Grantor — Subsequent Signing by Wife after Bona Fide Purchase for Value.**

A deed of trust executed by the owner of a homestead not signed by his wife is invalid and the subsequent signing of same by the wife, after a bill has been filed in chancery against the grantor to enforce a lien for balance of purchase money by the holder of the purchase-money notes, does not validate the deed of trust as against the complainant in the bill and does not make the grantee in the deed of trust a *bona fide* purchaser for value.[1]

---

1

Contemporaneous assent of husband and wife, if living together, is essential to an incumbrance of the exempt homestead under Code 1880, § 1258. A trust deed thereon by the husband alone, though he owns the property, is void and will not be validated by a subsequent conveyance from the wife to the creditor.

**Equities Between Codefendants — When Same Cannot be Adjusted Without a Cross-Bill.**

The equities between codefendants may be adjusted without a cross-bill by one against the other in certain states of case, but where the claim of one codefendant against another does not result from the recovery of the demand of the complaint, against one or both, the right of one codefendant to a decree against his codefendant in that suit cannot be justified.[2]

Appellees, C. A. Rowland and W. A. Hobson, as administrators of the estate of A. B. Hobson, filed the bill in this case in the

What would be the effect of such separate conveyance if made by direction or consent of the husband is not decided. Duncan v. Moore, 67 Miss. 136, 7 So. 221.

A conveyance of his homestead by a husband, without his wife's joinder, does not pass an estate in expectancy to vest when the land ceases to be a homestead. It conveys no estate whatever. McKenzie v. Shows, 70 Miss. 388, 12 So. 336.

A trust deed on his homestead, executed by a husband, void because of the nonjoinder of the wife, is not validated by their subsequent removal from the premises, whether such removal be temporary or permanent. The validity of the deed is determinable by the conditions existing when it was executed. Cummings v. Busby, 62 Miss. 195.

The act of 1873 (Laws, p. 78), providing that no conveyance of a homestead by the husband shall be valid unless the wife joins, confers no right of property upon the wife, but gives her merely a veto power. Billingsley v. Niblitt, 56 Miss. 537; Smith v. Scherck, 60 Miss. 491; Massey v. Womble, 69 Miss. 347, 11 So. 188; Pounds v. Clarke, 70 Miss. 263, 14 So. 22.

Uunder § 1893, Code 1892, declaring invalid conveyances of the homestead, " unless signed by the wife of the owner, if he be married and living with his wife," a husband who has driven his wife from his home and refuses to permit her to return, cannot lawfully convey the premises to a third person, the wife not joining in the conveyance. Scott v. Scott, 73 Miss. 575, 19 So. 589.

Where a wife joins her husband in a trust deed on the homestead to secure his debt due, a new promise in writing by him alone, before the bar of the Statute of Limitations has attached, keeps alive both the debt and the trust deed; joinder of the wife in the new promise is not required. Smith v. Scherck, 60 Miss. 491.

The owner of a homestead, who, to secure a debt he owes, has given a trust deed thereon which is void because not signed by his wife, cannot in equity, have cancellation without offering to pay the debt. Duncan v. Moore, 67 Miss. 136, 7 So. 221.

A conveyance or incumbrance by the husband of the homestead without the wife joining in the deed is not valid. Rights to a homestead are not dependent upon mistaken or false statements made by the husband, but upon the fact of his being the head of the family, and residing upon the premises as a home. Hinds v. Morgan, 75 Miss. 509, 23 So. 35.

Chancery Court of Tippah county against W. M. Bennett to en-
force an equitable lien on certain lands described in the bill for
balance of unpaid purchase money.  The land was sold to Ben-
nett by one Whitenor on October 15, 1880, the deed from
Whitenor recited that "for and in consideration of $500, the
receipt of which is hereby acknowledged," etc.  This bill was
filed February 8, 1883.  At the May, 1883, term of the Chancery
Court, R. J. Thurmond was permitted, on his own application,
to defend.  August 11, 1883, Thurmond filed his answer claim-
ing title to the land by virtue of a deed of trust to secure a debt

The wife has a mere veto power on the sale of a homestead and not a prop-
erty right subject to bargain and sale, and a promise made by the husband to
the wife to secure her signature is void.  Gatti *v.* Supply Co., 77 Miss. 754,
27 So. 601.

Although the husband forges his wife's name to the mortgage on land in-
cluding the homestead, to secure borrowed money (the mortgagee being inno-
cent), a part of the money is issued to pay off the purchase-money debt secured
by a vendor's lien on the whole land, the mortgagee, who takes up the note
for the purchase-money debt will be subrogated to the right of the holder
of the purchase-money lien as against the homestead.  Trust Co. *v.* Lanier,
78 Miss. 418, 28 So. 804.

A deed executed by the husband living with his wife purporting to convey
his homestead is not good to convey any interest whatever therein unless it be
signed by the wife.  Hence, the vendee in a deed from a husband living with
his wife which she did not sign, purporting to convey his homestead, cannot
maintain ejectment for the lands after the death of the husband against those
who claim under his heirs.  Johnson *v.* Hunt, 79 Miss. 639, 31 So. 205.

A deed from a husband to his homestead, although void from the want of
his wife's joinder therein, is good against third party as color of title to sus-
tain a claim by adverse possession.  Johnson *v.* Hunt, 79 Miss. 639, 31 So. 205.

Where a wife does not sign the mortgage on the homestead, executed by the
husband, her subsequent conveyance of her interest therein to the mortgagee,
without her husband's consent, imparts no validity to the mortgage.  Duncan
*v.* Moore, 7 So. 221.

### 2.

It is settled that the defendant cannot pray anything in his answer, except
to be dismissed with his costs.  If he seeks to obtain a discovery of facts nec-
essary to his defense, or to obtain any relief, he must resort to a cross-bill.
Millsaps *v.* Pfeiffer, 44 Miss. 805.

A decree granting relief in favor of a defendant against the complainant
cannot be granted except upon a cross-bill filed by the defendant.  Arnold *v.*
Miller, 4 Cush. 152.

Where a cross-bill seeks not only discovery but relief, the relief should be
equitable, otherwise the cross-bill is demurrable.  Gilmer *v.* Felhour, 45 Miss.
627; Thomason *v.* Neely, 50 Miss. 310; Buckingham *v.* Wesson, 54 Miss. 526.

due by Bennett to him.   He did not make his answer a cross-bill
against Bennett and asked for no relief against him.   The deed of
trust was made an exhibit to his bill and was signed by W. M.
Bennett only.   It was dated December 14, 1882.   On October
30, 1883, the deed of trust to Thurmond was signed and acknowl-
edged by Mrs. F. P. Bennett, wife of W. M. Bennett, and it was
filed for record after the bill had been filed but before final de-
cree was rendered.   The proof showed that at the time the deed
of trust was executed to Thurmond, W. M. Bennett was married
and living on the land as his homestead.

From a decree granting the relief sought by complainants, di-
recting the land to be sold to pay the balance of the purchase
money due on the land and directing that if any surplus was left
after paying the debt it should be paid to Bennett, Thurmond
appeals.

APPEALED from the Chancery Court of Tippah county, A. B.
FLY, Chancellor.

Affirmed, January 28, 1884.

*Attorneys for appellant, C. M. Thurmond, Jno. W. C. Watson.*

*Attorneys for appellees, Falkner & Frederick.*

A cross-bill setting up a matter purely defensive and fully asserted in the
answer is demurrable.   Buckingham *v.* Wesson, 54 Miss. 526.

As against the complainant in the original bill a complainant in a cross-bill
is not required to show any ground of equity jurisdiction to support his bill,
it being a mere auxiliary.   Thomason *v.* Neely, 50 Miss. 310.

Although it may be improper to permit a cross-bill as against a codefendant
because of a mere prospective danger of injury, still, in granting relief on the
original bill, the court should enforce, as far as practicable, the equities of all
the parties.   Brooks *v.* Kelly, 63 Miss. 616.

Where a cross-bill is filed by a defendant in an equity suit against a code-
fendant, not involving the controversy between the complainant in the original
bill and the defendants thereto, a decree in such complainant's favor does not
affect the rights propounded by one defendant against another in the cross-bill.
Jackson *v.* Lemler, 83 Miss. 37, 35 So. 306.

A decree in favor of complainant against several defendants does not render
the relative rights and liabilities of defendants as between themselves *res
judicata*, when such rights are not involved in the determination of the
complainant's claim.   Jackson *v.* Lemler, 83 Miss. 37, 35 So. 306.

Brief of C. M. Thurmond:

We, for appellant, respectfully submit that the court below erred in that it did not sustain appellant Bennett's demurrer for that the bill was incomplete in that it did not allege the time when appellees were appointed as administrators of the estate of A. B. Hobson, deceased, but says on the —— day of ——, 18——. This is, we think, a fatal defect in the bill.

" The allegations in a bill must be certain, particular, and distinct." Smith *v.* Gill, 52 Miss. 607.

Also "A bill which does not set out the complainant's case in plain, positive, and perspicuous language is bad on demurrer." Perkins *v.* Sanders, 56 Miss.

The court erred in not sustaining the demurrer because it is not shown that any bond was ever given for the faithful application of the proceeds of said estate by the said administrators. As far as the bill shows no bond was ever given in accordance with the requirements of section 1995, Code 1880.

The court erred in admitting incompetent and irrelevant testimony, in that it admitted testimony tending to show that Bennett was at the time of the execution of the trust deed, a married man, and used the said land for a homestead. This was an error, for appellee's bill nowhere and at no place states this to be a fact, and a complainant cannot rely on any fact or circumstance not set out in his bill. George's Digest, p. 897, § 510.

The *allegata* and *probata* must correspond. Carnes *v.* Hubbard, 2 S. & M. 108, 41 Miss. 533–4.

*Allegata* and *probata* must correspond. Evidence which does not correspond with the pleadings is *irrelevant*. Cole *v.* Hundley, 8 S. & M. 473.

No proof that the land in question was a homestead is admissible. Complainant can have no relief except as his case is made out by the bill, and defendant Thurmond will not be compelled to meet a case made by the proof but not stated in the bill. George's Digest, p. 863, § 204, and cases there cited.

" It is a principal equity pleading that a party cannot be permitted at the hearing to show a title different from that set up in his bill, nor can proof be offered or relief granted upon facts not stated in the bill." Kidd *v.* Manly, 6 Cush. 156.

The court erred in granting a decree against Thurmond, for he had the legal title to the land and his equity was equal if not

superior to the appellees as administrators of the assignee of the
note.    Let us see.    Whitenor sold land to Bennett, executing the
deed therefor, and making this recital in it, " for and in con-
sideration of five hundred dollars, the receipt of which is hereby
acknowledged," etc.    In Parkers v. Fay & Fowler, 43 Miss. 260,
it is said that recitals like the above are only *prima facie* evi-
dence of actual payment, and is not absolute estoppel to a denial
of the recital.    Gordon v. Manning, 44 Miss. 756.

But in the later case of Mairs v. Bank of Oxford, 58 Miss.
913, the court lay down this as the unquestionable law: " In the
deed of conveyance from Mairs and wife to Elliott there was an
acknowledgment made of payment.    A subsequent purchaser
therefore, would, so far as that deed was concerned take the land
freed of the equitable lien of the vendor." 58 Miss. 923.    It will
be seen by note to this on page 919 that Judge Simrall concurred
in this view, though he had delivered the opinion in Parkers v.
Fay & Flowers, in 43 Miss. 260.

Thurmond, on this recital in the deed to Bennett, and having
no knowledge that there was any vendor's lien on any land,
advanced money to him; this created a perfect equity in his be-
half, one too of which the Whitenors by their voluntary act were
the authors, then Thurmond's equity is fully equal if not superior
to Whitenors or his assignee, and should prevail for equity.    It
was the right of Bennett and wife to protect Thurmond by ac-
quiring the legal title and this they have done, by giving to
Thurmond a trust deed on the land.    True, Mrs. Bennett did not
sign the trust the day it was given, but it was done afterward
and thereby perfected.

Appellees rely upon section 1258, Code 1880, to sustain the ac-
tion of the lower courts.    They contend that the trust deed to C.
M. Thurmond as trustee was void because not signed at the time
by Mrs. Bennett.    We say in reply, that Mrs. Bennett did sign it
in time, and if she did not no proof could be introduced to show
that it was a homestead.    Further, they are *estopped* from saying
that the purchase money is unpaid, for under Mairs v. Bank of
Oxford, 58 Miss. 913, their assignor was estopped from denying
it, and of course this assignee would also be.    Further we say,
that section 1258, Code 1880, was made especially for the protec-
tion of the wife or her immediate heirs, and that either she or they
are the only ones who can take any advantage of her non-

joinder in the trust deed if such was the case. The section is, " No mortgage or deed of trust or other incumbrance upon the homestead, exempted from execution, shall be valid or binding unless signed by the wife," etc., manifestly meaning that it is for the benefit of the wife. 'Tis true that it is void if she so desires, but we think it is as clearly true that she has the right to ratify and sign it; this the wife has done in this case.

The case of Howell and Wife v. Bush, 54 Miss. 437, relied upon by appellees is not analogous, for there the wife refused to join in the trust and afterward filed a bill to enjoin the trustee from selling. Such is not the case here. Mrs. Bennett has signed the trust and it is upon record. She is not the party that is trying to take advantage of the law, but it is an outsider, one whose assignors under 58 Miss. could not have taken advantage of it in as much as he would have been estopped from denying that he had received full pay for the land. Equity trys to get at the *right* and *justice* of the case and will overlook the form in order to do it. Justice and right is certainly on the side of appellant Thurmond, for upon the deed as executed and delivered by Whitenor, appellees' assignor, he has parted with his money. They lose nothing, he, his $378.50.

The trust deed was not invalid because of the nonjoinder of the wife, if she had not joined. Billingsley v. Niblett, 56 Miss. 537–540.

### Brief of J. W. C. Watson:

Thurmond is a *bona fide* purchaser for value without notice. He denies notice in his answer and disproves it as a witness, and there is no testimony tending to show notice on his part.

Bennett owed him a debt. He took a new note for the amount, extending the time of payment and advancing an additional sum of money which was included in the note. This extension of time and cash advanced in good faith, certainly made Thurmond a *bona fide* purchaser. At least as to the cash advanced there can be no question on this point.

Furthermore, the recitals in Bennett's deed shows a waiver by his vendor of any right or claim to a lien for unpaid purchase money. This deed recites that it is made " in consideration of the sum of $500 in hand paid the parties of the first part, the receipt of which is hereby acknowledged," etc. In the face of

this recital the equity of Thurmond is certainly as great as that of the complainants. The equity is equal between persons who have been equally innocent and equally diligent. 1 Story Equity, § 64c.

The deed of trust given to Thurmond by W. M. Bennett is *void*, not being signed by the wife. Howell *v.* Bush, 54 Miss. 437.

If the deed of trust under which Thurmond claims is *void*, then he has no right to interfere with complainant's suit to enforce their lien for the unpaid purchase money. He has no *locus standi* in court. Appellees being assignees of the note for the purchase money can enforce the vendor's lien as the vendor could. See last clause of section 1124, Code of 1880.

Therefore, we think the decree of the chancellor is right, and should be sustained.

Thurmond is also clothed with the legal title to the land, or at least his trustee is. The signing of Bennett's deed of trust by his wife certainly perfected the title to the land in the trustee, and Thurmond had a right to acquire this legal title to perfect his previous equitable title. 1 Story Equity, § 64c.

Whilst the Act of 1873 required the wife to join in the conveyance, the Code of 1880 only required of the wife to sign the deed of her husband. Act of 1873, p. 78; Code of 1880, § 1258.

Moreover, that Bennett was a married man is not so much as stated in the pleadings in the bill, and the fact, therefore, is wholly unavailing to complainants.

But conceding all that complainants can claim, after the payment of their debt, Thurmond's debt should have been held a charge upon the land, but the decree disallows his debt, and directs that if any surplus is left after paying the debt of complainant, that such surplus be paid only to Bennett. This is clearly error.

Brief of Falkner & Frederick:

Appellees, who were complainants in the court below, filed their bill on the 8th day of February, 1883, against W. M. Bennett, to enforce their equitable lien on the land in controversy for the balance of the unpaid purchase money. The cause was heard on demurrer of Bennett at the May term of the Chancery Court, 1883, when the court overruled the demurrer and gave

defendant leave to answer. At May term, 1883, R. J. Thurmond was allowed to be made a party defendant to the bill. On the 11th day of August, 1883, R. J. Thurmond filed his answer to the bill, claiming title to the land by virtue of a deed of trust to C. M. Thurmond, trustee, to the land in controversy, to secure certain indebtedness from Bennett to him. Thurmond makes this deed of trust an exhibit to his answer. This deed of trust was signed by W. M. Bennett only, and with such signature only it was filed for record on the 14th .of December, 1882. On the 30th day of October, 1883, a deed of trust was acknowledged by F. P. Bennett, wife of W. M. Bennett, and with the signature and acknowledgment of W. M. Bennett and wife, was filed for record on the 12th day of November, 1883. The deeds of trust describe a note executed by W. M. Bennett and the note filed as an exhibit is the note of W. M. Bennett and *M. J. Bennett.*

The deed from Whitenor and wife to W. M. Bennett was executed the 19th of October, 1880, but was not filed for record till the 14th day of December, 1882, and was recorded on the 25th day of January, 1883. .

The deed of trust was executed by W. M. Bennett only on same day deed from Whitenor to Bennett was filed for record. The deed of trust was placed upon record on 14th of December, 1882, and the deed recorded 25th of January, 1883.

W. M. Bennett, the grantor in the deed of trust to C. M. Thurmond, was a married man and a householder and lived on the land as a homestead at the time he executed the deed of trust to Thurmond. Briefly the facts of the case are these: Complainants, on the 8th of February, 1883, filed their bill to enforce vendor's lien on the land. At that date the deed of trust signed by W. M. Bennett only was upon record. On 11th day of August, 1883, Thurmond filed his answer. On 30th of October following, the wife of W. M. Bennett signed and acknowledged another deed of trust and this other deed of trust was filed for record on the 1st of November, 1883, and recorded on the 12th of November, 1883. The first deed of trust is made an exhibit to Thurmond's answer. W. M. Bennett was a married man and lived on the land as a homestead at the time this first deed of trust was given.

" No mortgage, deed of trust, or other incumbrance upon the homestead, exempted from execution, shall be *valid* or *binding,*

unless signed by the wife of the owner if he is married and living with his wife." Code 1880, § 1258.

OPINION.— CAMPBELL, C. J., delivered the opinion of the court.

The insuperable difficulty in the way of Mr. Thurmond in maintaining his defense is that the deed of trust executed by Bennett and on which Thurmond's claim as a *bona fide* purchaser rests, was not valid because not signed by Bennett's wife, and the subsequent signing of the deed by her, after the institution of this suit, did not have the effect to validate the incumbrance as against the complainants in the bill. Until signed by the wife the deed was not valid. When it was signed by her the suit was pending, and the right of Thurmond is subordinate to that of the complainants.

There could not be a decree in favor of Thurmond for any excess arising from the sale of the land after paying complainants, because his answer was merely defensive to the bill, and was not made a cross-bill against his codefendant, Bennett, who had no opportunity to contest with him as to the deed of trust. If the bill had set forth the claim of Thurmond by virtue of the deed of trust, so that a decree between the defendants " grounded upon the pleadings and proofs between the complainants and the defendants " might be made, it might have been proper to have considered the right of Thurmond as against Bennett, " but where the claim of one codefendant against another does not result from the recovery of the demand of the complainant against one or both  \*  \*  \*  the right of one codefendant to a decree against his codefendant in that suit," cannot be justified. Arnold v. Miller, 26 Miss. 152.

The equities between codefendants may be adjusted without a cross-bill by one against the other in certain kinds of cases, but this is not one in which a decree between the codefendants would be proper. As the claim of Thurmond is not set forth in the bill, and he did not make Bennett a defendant to his assertion of right under the trust deed, no opportunity was afforded for any contest by Bennett with respect to the trust deed, and the chancellor did right not to make a decree as between the codefendants. We find no error in the decree, and it is, therefore, *affirmed*.