### George H. Fox et al. *v.* Albert Coon et al.

1. Co-tenants. *Common estate in reversion. Life estate. Tenant purchasing tax-title. Trustee.*

   F. died leaving a widow and several heirs. Certain of decedent's land was set aside to the widow as dower, and this was afterward forfeited to the State for the non-payment of taxes. R., one of the heirs of F., deceased, purchased the land from the State and mortgaged it to C. It was sold under the mortgage and bought by W. *Held,* that R. by his purchase became the sole owner of the life interest of the widow and a trustee of the fee for himself and co-tenants jointly.

2. Same. *Partition. Bill to remove clouds upon title. Chancery practice. Case in judgment..*

   In the above-stated case the heirs of F. exhibited their bill praying for a partition and for a cancellation of the deeds to C. and W. as casting a cloud upon their title. The widow was still alive. *Held,* that partition cannot be granted, because of the existence of the life estate in W., but the deeds should be so reformed as to convey only the interest acquired by R., to wit, the life interest of the widow.

Appeal from the Chancery Court of Lawrence County.

Hon. T. B. Graham, Chancellor.

Charles H. Fox died in 1862 leaving a widow, now Mrs. Amanda M. Smith, and several heirs. Certain land now in con-

troversy was set aside to the widow, who is still alive, as her dower. In 1876 she failed to pay the taxes on this land and it was forfeited to the State. In 1880 Robert N. Fox, one of the heirs of Charles H. Fox, deceased, acquired the State's title. He then executed a deed of trust upon the land in favor of Albert Coon, who in 1886 caused the trustee to sell the land, which was purchased by W. W. Fox, but not an heir of Charles H. Fox, deceased, and he went into possession.

Robert N. Fox having died, George H. Fox and the other heirs of Charles H. Fox, deceased, obtained a quit-claim deed from the widow, Mrs. Smith, and exhibited their bill against Albert Coon and W. W. Fox to have the deed from Robert N. Fox to Coon and the deed from the trustee in the deed of trust in favor of Coon to W. W. Fox cancelled, as casting a cloud upon complainants' title, also to have the land sold and the proceeds divided among the several heirs.

The defendants demurred, and the Chancellor sustained the demurrer and dismissed the bill. The complainants appealed.

*A. C. McNair,* for the appellants.

Was Robert N. Fox, precluded from purchasing from the State— or, to put it more correctly, did his purchase from the State operate as a redemption of the land from the tax-sale ?—Robert N. Fox was certainly under as great an obligation, legal or moral, to pay the tax as the complainants, or Mrs. Smith. If so, his purchase was but a redemption from the tax-sale. Freeman on Cotenancy and Partition (2d edition), § 158 ; *Day* v. *Cochran,* 24 Miss. 261 ; *McGee* v. *Holmes,* 63 Miss. 50.

Although the State obtained by its purchase an absolute title, Robert N. Fox, being a tenant in common with the complainants, by his purchase redeemed the land from the State, and the appellees obtained by their purchase only his interest. Fox was under a legal or moral obligation to pay the tax, and he could not, by neglecting to pay the same and allowing the land to be sold in consequence of such neglect, add to or strengthen his title by purchasing from the State, which purchased at the sale by the tax-collector. I am aware that in Pennsylvania a contrary doctrine is

held. But the decisions of the California court are in keeping with the principle asserted here, and are the sounder, and more in consonance with reason and justice. Freeman on Cotenancy and Partition, § 159 (2d edition); *Mass* v. *Shear*, 25 Cal. 45; *Coppinger* v. *Rice*, 33 Cal. 425.

*R. H. Thompson*, for the appellees.

1. The State acquired a title and could sell to whom it pleased, and certainly its title is good in the hands of innocent purchasers, parties not charged with notice of the matters of fact relied upon to avoid the title.

2. Robert N. Fox, the purchaser from the State, certainly acquired title to the life estate of the widow.

· The opinion in the case No. 3440, *George B. Lenoir and L. A. Bridges et al.*, delivered 28th of February, 1881, is conclusive of the question: That was a suit to confirm a tax-title. It was objected that our statute authorizing confirmations applied only to confirmations of *fee simple titles*, and much stress was put upon that idea by the Chancellor and by counsel, but this court correctly decreed otherwise. Here we are hampered by no such question of statutory construction.

But in all reason, why is a tenant in common estopped to acquire an adverse title, or to purchase at a tax-sale? It is because he is under obligation to protect the joint estate. But where there is a precedent particular estate, the fact that one is a joint owner of a reversion does not prevent or preclude him from acquiring the particular estate; he is under no obligation to protect the particular estate. The particular estate is an adverse interest to the rights of the reversioners, not adverse in the sense of the statute of limitation, it is true, but adverse in every other sense.

CAMPBELL, J., delivered the opinion of the court.

Robert N. Fox was disabled from acquiring from the State and holding the fee against his co-tenants of the estate after the termination of the life estate of the dowress, *i. e.*, he held the fee as trustee for all the co-tenants, but he was under no disability as to the life estate, and could hold that for himself. So that as to it he was

sole owner, and as to the fee after the termination of the life estate, he was holder for himself and co-tenants. *Harrison* v. *Harrison,* 56 Miss. 174; *Lenoir* v. *Bridges,* MS. No. 3440.

The deed of trust conveyed all his interest. The life estate has not terminated, and is held by the defendant, which fact is a bar to the suit for partition or sale for division of the proceeds, but the bill has a double aspect, and the complainants are entitled to have the deeds of which they complain as clouds on their title limited by decree of the court according to the rights of the parties, so as to avoid embarrassment at a future day.

Whether the beneficiary in the deed of trust executed by R. N. Fox was a *bona fide* purchaser entitled to hold the land as such does not arise on the demurrer to the bill, and should be presented by plea or answer. On this view of the case the demurrer should have been overruled.

*Decree reversed, demurrer overruled, and cause remanded with leave to the defendant to plead or answer within thirty days after the mandate herein shall have been filed in the court below.*