ISHEE, J.,
for the Court.
¶ 1. The present appeal stems from two orders entered by the Circuit Court of Scott County. In the first order, the circuit court granted summary judgment in favor of Dr. John Paul Lee. The circuit court found that Kenneth Johnson had failed to designate an expert witness at least sixty days prior to trial; therefore, Johnson could not prove that Dr. Lee was negligent. In the second order, the circuit court granted the motion to dismiss of Medco Health Solutions, Inc. (Medco). The circuit court found that service of process upon Medco Health Solutions of Dublin (Medco of Dublin) by certified mail was improper; therefore, the circuit court did not have jurisdiction over Medco. Johnson filed a motion for reconsideration, but prior to the hearing on his motion, he filed a notice of appeal.[1] Johnson cites the following alleged points of error:
I. Whether the circuit court erred in granting Dr. Lee’s motion for summary judgment and dismissing Johnson’s Motion for Continuance of Trial Setting and Entry of Scheduling Order.
II. Whether the circuit court erred in granting Medco’s motion to set aside the entry of default and to dismiss.
Finding no error, we affirm the circuit court’s orders.
FACTS AND PROCEDURAL HISTORY
¶ 2. On July 24, 2005, Johnson was involved in a one-car accident, which resulted in him suffering injuries. He later filed a complaint on July 3, 2007, in the circuit court, alleging that the proximate cause of the accident was the improper changing of his blood pressure medication by Dr. Lee and Medco of Dublin.[2] Summons was issued on the day that Johnson filed his complaint, and service of process was accomplished on all of the named defendants. The proof of service showed that Medco of Dublin was served via certified mail on July 31, 2007. The circuit court set the trial date for February 6, 2008.
¶ 3. Johnson never received an answer from Medco of Dublin; therefore, he requested an entry of default, which the clerk filed on October 3, 2007. Thereafter, on October 12, 2007, Johnson filed a motion for default judgment.
¶ 4. On December 28, 2007, claiming to have learned about the pending lawsuit during a discussion with Dr. Lee’s counsel, Medco made a special appearance and filed a motion to set aside the entry of default and to dismiss. Medco asked that the claim be dismissed for insufficient service of process. According to Medco, Medco of Dublin was a fictitious name that was registered for the purpose of doing business in Ohio. Medco claimed that it never received process, which had been improperly sent to its operation in Ohio. Medco also claimed that Vincent Smith, who signed for the certified letter, was not “an officer, a managing or general agent, or ... any *1142 other agent authorized by appointment or by law to receive service of process.” M.R.C.P. 4(d)(4). Medco pointed out that it was a New Jersey corporation that had registered to do business in Mississippi, and Johnson should have served process on its registered agent, CT Corporation System, to have proper process in Mississippi. Since Medco was never properly served, it argued that Johnson’s claim should have been dismissed because Med-co of Dublin was not a proper party and because Medco was not properly served within 120 days of the filing of the complaint. The circuit court agreed and granted Medco’s motion to dismiss.
¶5. Regarding the second order, Dr. Lee filed a motion for summary judgment on December 20, 2007. In the motion, Dr. Lee argued that Johnson had not designated any expert witnesses at least sixty days before trial, as required by Rule 4.04(A) of the Uniform Rules of Circuit and County Court. The circuit court agreed and found that Johnson had failed to timely designate an expert; therefore, he did not have an expert to testify at trial. The circuit court found that without expert testimony, Johnson could not establish that Dr. Lee committed medical malpractice. Therefore, the circuit court found that there was no genuine issue of material fact and granted Dr. Lee’s motion for summary judgment.
¶ 6. Johnson filed a motion for reconsideration after the circuit court entered the judgments adverse to him. However, before the circuit court held the hearing on the motion, he filed a notice of appeal on both judgments.
DISCUSSION
I. Dr. Lee’s Motion for Summary Judgment
¶ 7. Johnson’s first issue is with the circuit court’s decision to grant Dr. Lee’s motion for summary judgment. Johnson argues that instead of granting summary judgment, the circuit court should have ordered a continuance to allow him to designate an expert. Johnson claims that on or about November 19, 2007,[3] the circuit court set the date for trial as February 6, 2008. This left Johnson approximately two weeks to designate an expert in order to be in compliance with Rule 4.04(A)’s sixty-day rule. Johnson argues that a mere two weeks to designate an expert, combined with the fact that the case had only been pending for approximately seven months when the circuit court dismissed it, was sufficient reason for the court to grant a continuance.
¶ 8. According to the supreme court, “where the matter at issue is not within the scope of a layperson’s common knowledge!,] negligence can be proven in a medical malpractice action only where the plaintiff presents medical testimony establishing that the defendant physician failed to use ordinary skill and care.” McMichael v. Howell, 919 So.2d 18, 24(¶ 15) (Miss. 2005) (quoting Powell v. Methodist Health Care-Jackson Hosps., 876 So.2d 347, 348(¶ 4) (Miss.2004)). If a plaintiff fails to produce expert medical testimony to support his medical malpractice claim, it is proper for the circuit court to grant summary judgment. Id. at (¶ 16).
¶ 9. While Johnson does not dispute that he needed to designate an expert to prove his case, he points out that in his responses to the first set of interrogatories, he mentioned that he “may rely upon the expert medical opinions and observations of’ Drs. Calvin Ramsey and Gayle Harrell. However, Johnson’s response to Dr. Lee’s motion for summary judgment did not designate any expert witnesses. Johnson did *1143 not fully designate any expert witness until his January 30, 2008, filing of his supplemental discovery responses, in which he named Dr. Ramsey as an expert witness. Dr. Lee asserts that the circuit court was correct in ruling that merely mentioning two doctors as possible expert witnesses, as Johnson did in his response to the first set of interrogatories, was not sufficient to designate them as expert witnesses.
¶ 10. This Court reviews a trial court’s grant or denial of summary judgment under a de novo standard. Brooks v. Roberts, 882 So.2d 229, 231(¶7) (Miss.2004) (citing Bowie v. Montfort Jones Mem’l Hosp., 861 So.2d 1037, 1040(¶8) (Miss. 2003)). To succeed on a motion for summary judgment, the moving party must show that there are no genuine issues of material fact. Id. at 231-32(¶ 7). We will reverse the trial court’s grant of summary judgment if we find that triable issues of fact exist. Id. at 232(¶ 7) (citing Bowie, 861 So.2d at 1041(¶ 8)).
¶ 11. In Dr. Lee’s interrogatory number three, he requested that Johnson identify any person he expected to call as an expert for trial. On September 21, 2007, Johnson responded to the interrogatories and stated that he had not yet made a determination as to whom he would call as an expert at trial. However, he said he might rely on the opinions of Drs. Ramsey and Harrell. Following this interrogatory answer, Johnson took no further steps to designate an expert for trial until he filed a supplemental response on January 30, 2008 — approximately a week before the trial date.
¶ 12. To be in compliance with Rule 4.04(A), Johnson needed to designate an expert for trial by December 10, 2007. He failed to do so, and after Dr. Lee filed his December 20, 2007, motion for summary judgment, Johnson waited an additional month and ten days before taking any further action to designate an expert. In the hearing on the motion to reconsider this matter, the circuit judge stated that he was reluctant to refuse to accept Johnson’s expert, knowing that it would be the end of Johnson’s case. Nevertheless, the circuit court found that Johnson had not properly designated an expert witness in time; therefore, it was not proper to allow the expert testimony at trial. Despite Johnson’s claim that he did not have adequate time to disclose an expert witness after the trial date was set, the circuit court noted that Johnson had about two weeks from the date the trial was set to designate an expert witness. Additionally, Johnson had more than four months from the date he filed suit until Rule 4.04(A) barred his expert witness’s testimony. Johnson has shown no special circumstances that caused his delay in designating an expert.
¶ 13. We find no error with the circuit court’s ruling in light of Johnson’s failure to properly designate an expert or to show any special circumstances that would have allowed the circuit court to grant him additional time to designate an expert. Following the circuit court’s refusal to allow Johnson’s expert witness, Johnson had no expert medical testimony on which to base his claim for medical malpractice. Lacking such expert medical testimony, it was proper for the circuit court to grant summary judgment in favor of Dr. Lee. Accordingly, we find that this issue is without merit.
II. Medco’s Motion to Set Aside the Entry of Default and to Dismiss
¶ 14. Next, Johnson takes issue with the circuit court’s granting of Medco’s motion to set aside the entry of default and to dismiss. Johnson argues that service of process upon Medco of Dublin was proper because it was the party with whom he had *1144 dealt. He also argues that there was good cause for what he refers to as the “alleged defects” in the service of process. Based on his arguments, Johnson concludes that the proper action on the part of the circuit court would have been to set aside the clerk’s entry of default and grant him leave to amend his complaint and substitute the “purportedly proper” defendant— Medco. Despite Johnson’s conclusion that it would have been proper for the circuit court to set aside the clerk’s entry of default against Medco of Dublin, he argues that it was not proper for the court to have done so based on a motion by Medco. He argues that Medco of Dublin was the named defendant; therefore, it was the only defendant who could have requested that the entry of default be set aside.
¶ 15. “[A]ctual knowledge by a defendant of the pendency of a suit against him is immaterial, ‘unless there has been a legal summons or a legal appearance.’ ” Brown v. Riley, 580 So.2d 1234, 1237 (Miss.1991) (quoting McCoy v. Watson, 154 Miss. 307, 315, 122 So. 368, 370 (1929)). “Jurisdiction is not obtained by a defendant’s informally becoming aware that a suit has been filed against him.” Sanghi v. Sanghi, 759 So.2d 1250, 1257(¶33) (Miss.Ct.App.2000) (citing Mansour v. Charmax Indus., Inc., 680 So.2d 852, 855 (Miss.1996)). A plaintiffs failure to properly serve process upon a defendant, coupled with that defendant’s failure to voluntarily appear, prevents the circuit court from entering judgment against him. Id. “A court must have jurisdiction [and] proper service of process in order to enter a default judgment against a party. Otherwise, the default judgment is void.” McCain v. Dauzat, 791 So.2d 839, 842(¶ 7) (Miss.2001) (citing Arnold v. Miller, 26 Miss. 152, 155 (1853)). The circuit court is afforded no discretion in the case of a void judgment; it must set aside such judgment. Id. (citing Sartain v. White, 588 So.2d 204, 211 (Miss.1991)).
¶ 16. According to Rule 55(c) of the Mississippi Rules of Civil Procedure: “For good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).” In the present case, the circuit court found good cause to set aside the entry of default — service of process was not perfected on Medco. Instead, Johnson served process via certified mail on Medco of Dublin, which was nothing more than one of Medco’s facilities in Ohio. Had Johnson properly investigated his claim, he would have discovered that Med-co was registered to do business in Mississippi and had a designated agent for service of process in Mississippi. There was good cause shown to set aside the entry of default — Medco of Dublin was not a proper party, and Medco was never properly served with process. We find no error with the circuit court’s decision to set aside the clerk’s entry of default because Johnson’s failed to properly serve process on Medco.
¶ 17. We also see no merit to Johnson’s argument that the circuit court should have allowed Johnson to substitute Medco in his complaint in the place of Medco of Dublin and allowed him an additional 120 days to serve process on Medco. To substitute a defendant, Rule 15(c) of the Mississippi Rules of Civil Procedure provides: “Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.” Additionally, Rule 15(c) requires that:
An amendment changing the party against whom a claim is asserted relates *1145 back if the foregoing provision is satisfied and, within the period provided by Rule 4(h) for service of the summons and complaint, the party to be brought in by amendment:
(1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining the party’s defense on the merits, and
(2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party. An amendment pursuant to Rule 9(h) is not an amendment changing the party against whom a claim is asserted and such amendment relates back to the date of the original pleading.
Applying Rule 15(c), Johnson’s proposed amended complaint did arise out of the same transaction. However, there was no evidence in the record that Medco received any notice of the institution of the present action until after the time period for service of process had expired. At the hearing on the defendants’ motions, the attorney for Medco informed the circuit court that Medco did not receive notice of the lawsuit until December 14, 2007. This was after the 120-day period for service of process, which had expired by the beginning of November 2007. This was also reflected in Medco’s motion to set aside the entry of default and to dismiss. Therefore, Johnson failed to meet the requirements of Rule 15(c), and the circuit court properly denied his request to amend his complaint.
¶ 18. Furthermore, without a proper defendant in the present case, Johnson’s reliance on Mississippi Rule of Civil Procedure 4(h) is also misplaced. Rule 4(h) provides that the trial court shall dismiss a case if service of the summons and complaint is not made upon a defendant within 120 days after filing the complaint unless the party who was to serve process can show good cause for why service was not made within that period of time. In the present case, there was no defendant that Johnson failed to serve within 120 days of filing the complaint. There is no doubt that Johnson timely served process upon Medco of Dublin. The problem was that Johnson did not exercise due diligence in researching the proper defendant before filing his claim. We have already found that Johnson did not satisfy the requirements of Rule 15(c) to amend his complaint to name Medco as the defendant. Therefore, seeing as Medco was not a defendant in the case, it was not error for the circuit court to refuse to allow Johnson to serve Medco with process, and Rule 4(h) is inapplicable.
¶ 19. Based on the forgoing, we find no error with the circuit court’s refusal to amend Johnson’s complaint to name Med-co as the defendant. We also find no error with the circuit court’s decision to set aside the clerk’s entry of default against Medco of Dublin and to dismiss Johnson’s complaint against Medco of Dublin. Accordingly, we find that this issue is without merit.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF SCOTT COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR. IRVING, J., DISSENTS WITH SEPARATE WRITTEN OPINION.

. Pursuant to Rule 4(d) of the Mississippi Rules of Appellate Procedure, this Court entered an order requesting that the circuit court dispose of the motion for reconsideration. The circuit court then entered an order denying Johnson’s motion for reconsideration.

. Johnson also named as defendants, Daiichi Sankyo, Inc., and Forest Laboratories, Inc., but they are not part of the present appeal.

. The docket lists the trial date as having been set on November 14, 2007.